

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
GERALD C. MANN

Honorable Reuben Williams, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2953

Re: If certain securities
which qualify under the
provisions of Art. 5017d
are presented by a Lloyd's
insurance carrier for joint
control deposit purposes,
does the Board have the dis-
cretion of determining whether
such securities are convertible,
and related questions?

Your recent request for an opinion of this department on the questions as are herein stated has been received.

The questions presented in your inquiry are as follows:

"If certain securities which qualify under the provisions of Article 5017d are presented to the Board of Insurance Commissioners for joint control deposit purposes, does the Board have the discretion of determining whether such securities are convertible?

"If the Board has such discretion, please advise what factors, or elements, if any, must be considered by the Board in determining the convertibility of such securities?

"Should the Board find such securities non-convertible, may it refuse to accept same for joint control deposit purposes, as a part of the guaranty fund?"

Articles 5017 and 5017d, Vernon's Annotated Civil Statutes, read as follows:

"No attorney shall be licensed for the underwriters at a Lloyd's under this chapter unless the net assets, including the guaranty fund contributed to the attorney, a committee of under-writers, trustees or other officers as provided for in the articles of agreement, shall be at least sixty thousand dollars in cash,

or convertible, admissible securities; nor shall any attorney be licensed for any underwriters at a Lloyd's to transact more than one kind of business as defined in the third article of this chapter, unless the net assets, as they are herein defined belonging to such underwriters at Lloyd's, shall be as much as ten thousand dollars additional for each additional kind of insurance designated in the application for license.

"Art. 5017d. The assets of underwriters at a Lloyd's shall be invested in such property and securities as the capital and/or surplus of a stock insurance company doing the same sort of business may be invested in, except real estate, or they may be held in cash.

"Provided, however, that no Lloyd's already organized and doing business under license from the Department of Insurance shall be required to conform to this requirement except as to securities hereafter acquired whether in substitution for securities now held or from additional successor or substitute underwriters, provided further, at least the minimum requirement for the guaranty fund shall be invested in securities admissible under this Act."

Under Article 5017, supra, the net assets, including the guaranty fund contributed to the attorney committee or underwriters, trustees or other officers as provided for in the articles of agreement, shall be at least sixty thousand dollars in cash or convertible, admissible securities. The statute does not define the term "convertible, admissible securities." We have been unable to find any definition of this term. However, the term "convertible securities" is defined in Webster's New International Dictionary, page 583, as follows:

"A convertible security may be one that is exchangeable for another of a different character or, as often in England, one that is rreadily salable."

We believe that the term "convertible, admissible securities" as used in the statutes means such securities as mentioned in Article 5017d, supra, which can be readily sold for cash for not less than sixty thousand dollars, assuming that there is no cash in the guaranty fund. In other words, if there is any amount of cash in said guaranty fund less than sixty thousand dollars there must be sufficient "convertible, admissible securities" in said fund that can be readily sold for cash while together with the amount of cash in said fund will equal at least sixty thousand dollars, because the guaranty fund must "be at least sixty thousand dollars in cash, or convertible, admissible securities," such as can be readily converted in to cash.

In view of the foregoing statute, you are advised that it is the opinion of this department that the Board of Insurance Commissioners must determine whether the securities presented to the Board for joint control purposes are convertible, admissible securities.

In answer to your second question, you are advised that the Board may consider whatever factors or elements that are necessary in determining the convertibility of such securities.

Your third question is respectfully answered in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By :/s/ Ardell Williams

Ardell Williams
Assistant

AW:RS:mds

approved Mar 1, 1941

/s/ GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B.W.B. Chairman